# DISTRICT COURT OF THE UNITED STATES
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00632-FDW

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNION COUNTY, et al., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on periodic status review.

On February 24, 2020, the Court received notice of mail being returned undeliverable to Plaintiff because Plaintiff is no longer incarcerated at the Union County Jail. [Doc. 5]. Plaintiff, however, has not provided the Court with his new address and the current address in the docket for Plaintiff is Union County Jail, 3344 Presson Road, Monroe, North Carolina.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff ten days in which to notify the Court of his updated address.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have ten (10) days from service of this Order in which to notify the Court of his change in address.

2. The Clerk is directed to mail this Order to Plaintiff's address as listed on the Court's docket report.

Signed: March 3, 2020

Frank D. Whitney
Chief United States District Judge