| | | |
|---|---|---|
| **JASON CARMONA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **UNION COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on periodic status review.

On November 20, 2019, pro se Plaintiff Jason Carmona ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 naming the following as Defendants: (1) Union County, North Carolina; (2) Union County Jail (the "Jail"); and (3) the State of North Carolina. [Doc. 1]. Although not specifically enumerated as such, Plaintiff's claim is in the nature of one for unconstitutional conditions of confinement in violation of his rights under the Eighth Amendment to the United States Constitution. [Doc. 1]. Plaintiff alleges that he is forced to drink unfiltered water at the Jail and that the shower and faucet heads are not sterilized to prevent the growth of "fungus, microbacteria, calcium, rust, lead, [and] chlorine." [Id. at 3].

On February 24, 2020, the Court received notice of mail being returned undeliverable to Plaintiff because Plaintiff is no longer incarcerated at the Union County Jail. [Doc. 5]. Plaintiff, however, has not provided the Court with his new address and the current address in the docket for Plaintiff is Union County Jail, 3344 Presson Road, Monroe, North Carolina.

On March 4, 2020, the Court entered an Order allowing the Plaintiff ten (10) from the date of that Order to notify the Court of his change before the Court would dismiss Plaintiff's Complaint

without prejudice for failure to prosecute. [Doc. 8]. Since entering that Order, three additional documents the Clerk attempted to send to Plaintiff at Union County Jail have been returned as undeliverable. [Docs. 9, 10, 11]. Plaintiff has not notified the Court of his new address.

The Court, therefore, will dismiss this action without prejudice. A plaintiff has the obligation to notify the Court of an address change. Plaintiff has failed to notify the Court of his change in address. Therefore, this action will be dismissed without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

**IT IS, THEREFORE, ORDERED that:**

1.    Plaintiff's Complaint [Doc. 1] is dismissed without prejudice for failure to prosecute.

2.    The Clerk is instructed to terminate this action.

Signed: March 17, 2020

Frank D. Whitney
Chief United States District Judge